IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SANDRA LAUREEN WARD**,<br><br>                                              Plaintiff,<br><br>     v.<br><br>**NANCY A. BERRYHILL**,<br>Commissioner of Social Security,<br><br>                                                Defendant. | Case No. 3:16-cv-02125-SI<br><br>**OPINION AND ORDER** |

Merrill Schneider, SCHNEIDER, KERR, & ROBICHAUX, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata A. Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Michael Howard, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

       Sandra Ward ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security

PAGE 1 - OPINION AND ORDER

Act. The administrative law judge's ("ALJ's") opinion is not based on the proper legal standards and the findings are not supported by substantial evidence. Moreover, pursuant to the grid rules Plaintiff is disabled as of November 30, 2009. It is not clear, however, whether Plaintiff was disabled during the period of December 31, 2008 to November 30, 2009. Therefore, the Commissioner's decision is REVERSED and REMANDED in part for immediate calculation of benefits beginning November 30, 2009, and in part for further proceedings with regard to the period from December 31, 2008 to November 30, 2009.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence means more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th

Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

This is Plaintiff's second appeal to the district court. In *Ward v. Colvin*, No. 3:14-cv-01162-HZ, 2015 WL 5032038, *5-7 (D. Or. Aug. 25, 2015) ("*Ward I*"), the Court remanded for further proceedings so the ALJ could address the medical opinion of Dr. Cogburn, which had been submitted as additional evidence to the Appeals Council. The Court in *Ward I* also determined that although the ALJ's interpretation of Dr. Labs' opinion was reasonable based on "the evidence in the record at the time," Dr. Cogburn's opinion provided evidence that undermined the ALJ's reasons for discounting Dr. Labs' opinion. *Id.* at *5. The Court directed the ALJ to address Dr. Cogburn's opinion and reconsider Dr. Labs' opinion in light of the evidence provided by Dr. Cogburn.

On January 8, 2016, the Appeals Council remanded the case to the same ALJ. AR 914-18. The Court notes that prior to remand, Plaintiff had filed another claim for DIB and SSI, and on January 28, 2015, Plaintiff was determined to have been disabled beginning June 1, 2014. AR 821. On remand, the ALJ convened a second hearing, which was held on August 18, 2016. AR 842-67. In a written decision issued on September 8, 2016, the ALJ applied the five-step sequential evaluation process, and found that Plaintiff was not disabled from December 31, 2008, through June 1, 2014. AR 821-34. Plaintiff appealed the ALJ's decision to the Social Security Administration Appeals Council, which denied Plaintiff's petition for review, making the ALJ's order the final agency order. Plaintiff timely appealed.

PAGE 3 - OPINION & ORDER

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R.§§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the

claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), 416.920(a)(4)(v), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. Finally, at step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 31, 2008, the alleged onset date. AR 824. At step two, the ALJ found that Plaintiff had the following severe impairments: "breast cancer, in remission; status post remote traumatic brain injury; depression; personality change following the traumatic brain injury; and obesity." *Id.* The ALJ found that Plaintiff's benign hypertension, status post left lower eyelid entropian repairs, degenerative changes in the spine, obstructive sleep apnea, hearing loss, Meniere's disease, history of cholecystectomy, and history of fractures were non-severe. AR 824-25.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR 825-26. The ALJ next found that Plaintiff had the following RFC:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant is limited to unskilled work. She could no more than occasionally crawl, crouch, balance, stoop, kneel and climb ramps and stairs. She could never climb ladders, ropes or scaffolds.

AR 826 (footnote omitted). At step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a newspaper carrier. AR 834. By finding plaintiff was able to do past relevant work, the ALJ determined plaintiff was not disabled; therefore, the ALJ did not proceed to step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(f), 416.920(a)(4), 416.920(f).

## DISCUSSION

Plaintiff alleges that the ALJ improperly rejected the medical opinions of Dr. Labs and Dr. Cogburn; erred in determining that a number of plaintiff's impairments were non-severe; improperly rejected the lay witness testimony of Mr. Ward; improperly rejected plaintiff's credibility; and failed to conduct an adequate analysis at steps four and five. The Commissioner

PAGE 6 - OPINION & ORDER

does not specifically address Plaintiff's arguments but merely concedes that the ALJ "erred in evaluating the evidence." The Commissioner further concedes that the ALJ failed to comply with the District Court's remand order. The Commissioner acknowledges that remand is required, but argues that immediate payment of benefits is not appropriate because further proceedings are necessary to resolve outstanding issues.

**A. Period After November 30, 2009**

Plaintiff argues that she should be considered disabled under the grid rules as of November 30, 2009. The RFC reflects that Plaintiff has both exertional and non-exertional limitations. AR 826; 20 C.F.R. §§ 404.1569a, 416.969a. "Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006). Furthermore, where "application of the grids directs a finding of *disability*, that finding must be accepted by the [Commissioner] . . . whether the impairment is exertional or results from a combination of exertional and non-exertional limitations." *Id.* at 1115-16 (emphasis in original) (quotations and citations omitted). Therefore, prior to consulting the vocational expert ("VE"), the ALJ was required to apply the grid rules.

Plaintiff turned 55 on November 30, 2009, at which point she became an individual of advanced age. AR 63; 20 C.F.R. §§ 404.1563(e), 416.963(e). An individual of advanced who is limited to light work and whose previous work is unskilled is disabled under the grid rules. 20 C.F.R., Part 404, Subpart P, App. 2, § 202.04. The ALJ's RFC limited Plaintiff to light work and to unskilled work. AR 826. Additionally, the VE determined that Plaintiff's past relevant work was unskilled. AR 826 n.1. Thus, pursuant to the grid rules, Plaintiff was disabled as of November 30, 2009. Notably, the Commissioner does not dispute that Plaintiff would be considered disabled under the grid rules as of this date.

PAGE 7 - OPINION & ORDER

Nevertheless, the Commissioner argues that Guideline rule 202.04 only addresses part of the relevant period. Plaintiff's alleged onset of disability was December 31, 2008, eleven months prior to Plaintiff turning 55. AR 184, 821. The Commissioner urges that the Court should not "apply rule 202.04 to a period where the claimant did not meet the age requirement." The Commissioner further asserts that the time period at issue is nearly an entire year, which is not a borderline age situation of merely a "few months." 20 C.F.R. §§404.1563(b), 416.963(b). Plaintiff responds that she "is not asking the Court to apply Medical-Vocational Rule §202.04 on December 31, 2008. Instead, [Plaintiff] asserts that she has established disability as of November 30, 2009; thus, an immediate award of benefits is appropriate." Pl.'s Reply Br. at 3. Based on the record, and the RFC established by the ALJ, the Court finds that the grid rules direct a finding of disability as of November 30, 2009. Accordingly, a remand for an immediate payment of benefits is appropriate beginning November 30, 2009, Plaintiff's 55th birthday.

**B. Period Before November 30, 2009**

The grid rules, however, do not resolve the question of whether Plaintiff was disabled during the period between December 31, 2008 and November 30, 2009. Whether Plaintiff's disability began before November 30, 2009, perhaps as early as December 31, 2008, hinges on the testimony of the VE. At the hearing, the VE determined that Plaintiff was capable of performing her past work as a newspaper carrier. AR 54. Plaintiff argues that the ALJ erred in finding that she could perform past relevant work because Plaintiff's newspaper carrier job did not constitute substantial gainful activity, and therefore, is not properly considered past relevant work.

The Commissioner argues that if the ALJ had applied the correct analysis, it is *possible* that Plaintiff's work as a newspaper carrier could meet the standards for substantial gainful

activity. Specifically, the Commissioner argues that Plaintiff earned $10,152 in 2006 and $10,651 in 2007, which is within only a few hundred dollars of the earnings that would presumptively show substantial gainful activity. The Commissioner further argues that self-employed individuals are considered under different standards, which acknowledge that net earnings may not reflect the value of their work, citing to 20 C.F.R. §§ 404.1575(a)(2) and 416.975(a)(2).

Plaintiff indicated that during 2006 and 2007, she was an employee of the *Oregonian* and did additional work in a self-employed capacity as a newspaper carrier for the *Oregonian*. AR 208, 831. Although Plaintiff earned more than $10,000 in both 2006 and 2007, the record shows that she only worked four hours per day, one day per week as a *newspaper carrier*, for which she earned only $10 per hour. AR 286. Thus, Plaintiff only made approximately $2,080 per year as a newspaper carrier ($10 per hour times 4 hours per day times 1 day per week times 52 weeks per year). The remainder of Plaintiff's earnings in 2006 and 2007 would have come from her work as an employee at the *Oregonian* in a non-newspaper carrier job. AR 208, 286. Therefore, the income Plaintiff earned as a self-employed newspaper carrier is nowhere near the minimum requirements for substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(2).

Although the Commissioner is correct that self-employed individuals are considered under different standards, those standards are different "because the amount of income [a claimant] actually receive[s] may depend on a number of different factors, such as capital investment and profit-sharing agreements." 20 C.F.R. §§ 404.1575(a)(2), 416.975(a)(2). There is no evidence that Plaintiff had capital investments or a profit sharing agreement with the *Oregonian*. Therefore, the different factors cited by the Commissioner have little bearing on

Plaintiff's situation.[1] Plaintiff's work as a newspaper carrier thus did not constitute substantial gainful activity. Accordingly, such work was not properly considered past relevant work. 20 C.F.R. §§ 404.1565(a), 416.965(a); SSR 82-62.

Although the ALJ improperly determined that Plaintiff's work as a newspaper carrier constituted past relevant work, a remand for benefits for the time period of December 31, 2008 to November 30, 2009 remains premature. Because the VE determined that Plaintiff could perform past relevant work, Plaintiff and the ALJ never addressed whether Plaintiff was capable of other work. AR 53-54; 20 C.F.R. §§ 404.1520(a)(4), 404.1520(f), 416.920(a)(4), 416.920(f). Therefore, the record is not fully developed and it is not clear that Plaintiff was, in fact, disabled with regard to the time period of December 31, 2008 to November 30, 2009. As such, a remand for further proceedings regarding that time period is appropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."). On remand, the ALJ must solicit VE testimony to determine whether Plaintiff was

---

[1] There are three tests to determine whether a self-employed claimant's work activity rose to the level of substantial gainful activity. Under the first test, a claimant is determined to have engaged in substantial gainful activity if she rendered "services that are significant to the operation of the business and receiv[ed] a substantial income from the business." 20 C.F.R. §§ 404.1575(a)(2)(i), 416.975(a)(2)(i). Plaintiff's services as a newspaper carrier were not "significant to the operation of the business" and the small amount that she earned was not a "substantial income." Under the second test, a claimant is engaged in substantial gainful activity if the "work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in [her] community who are in the same or similar business as their means of livelihood." 20 C.F.R. §§ 404.1575(a)(2)(ii), 416.975(a)(2)(ii). Plaintiff only worked four hours per week in her self-employed capacity, far less than would be necessary for it to be a primary means of livelihood. Finally, under the third test, a claimant is engaged in substantial gainful activity if the work "is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work [she was] doing." 20 C.F.R. §§ 404.1575(a)(2)(iii), 416.975(a)(2)(iii). The minimal work performed by Plaintiff is not "clearly worth" that amount.

capable of performing other work in the national economy for the time period of December 31, 2008 until November 30, 2009. As discussed previously, the grid rules direct a finding of disability beginning November 30, 2009. Accordingly, the proper remedy in this case is a partial remand for immediate payment of benefits and a partial remand for further proceedings. *Wright v. Colvin*, No. 3:15-cv-01356-AA, 2016 WL 3638109, *7 (D. Or. Jul. 6, 2016) (remanding for benefits in part and for further proceedings in part); *see also Jain v. Berryhill*, 2018 WL 263917, at *15 (N.D. Cal. Jan. 2, 2018) (same).

## CONCLUSION

The decision of the Commissioner is REVERSED and this matter is REMANDED for the immediate calculation and award of benefits for the time period of November 30, 2009 to June 1, 2014. With regard to the period of December 31, 2008 to November 30, 2009, the decision of the Commissioner is REVERSED and this matter is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 29th day of January, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge